HENRY A. WHITE *vs.* WOONASQUATUCKET RESERVOIR
COMPANY.

JUNE 3, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Water Mills.   Jury Trial.*

In an action of the case under Chapter 148, General Laws, 1909, "Of Water
Mills," as amended by Chapter 697, Public Laws, 1911, to recover damages
for the overflowing of plaintiff's land by reason of the erection of a water
mill or dam upon defendant's land, in which defendant pleaded the general
issue, the parties are entitled to a trial by jury upon the question of the
plaintiff's right to recover damages at all, prior to the jury trial for the assess-
ment of damages, for the Act provides for two trials by jury, the first to
determine the question of liability, and the second to determine the amount
of damages with the right in each case for the parties by agreement to waive
jury trial.

*(2)   Water Mills.*

Proceedings under Gen. Laws, 1909, cap. 148, "Of Water Mills," are legal,
not equitable.

ACTION ON THE CASE to recover damages under Gen. Laws,
1909, cap. 148, "Of Water Mills." Certified under Gen.
Laws, 1909, cap. 298, § 5, as amended by Pub. Laws, 1915,
cap. 1258, § 4.

STEARNS, J.    This is an action of the case brought under
Chapter 148 of the General Laws, of 1909, entitled "Of
Water Mills," as amended by Chapter 697 of the Public
Laws of 1911. The suit is brought to recover damages for
the overflowing of the plaintiff's land by reason of the
erection of a water mill or dam upon defendant's land. The
defendant pleaded the general issue to the various counts in
the declaration and the plaintiff thereafter moved that the
case be assigned for trial upon the miscellaneous calendar
of the Superior Court. The case was then certified to this
court under the provisions of Section 5 of Chapter 298 of the
General Laws of 1909, as amended by Section 4 of Chapter
1258 of the Public Laws of 1915, the trial court having some
doubt as to whether it was proper to assign the case for trial
upon the miscellaneous calendar, which would be a trial by
the court without a jury.

The questions certified are as follows:

"*First:*   In an action of the case brought under Chapter 148 of the General Laws as amended by Chapter 697 of the Public Laws is the plaintiff entitled to have said action first tried on the question of his right to recover and the defendant's liability, by the court without a jury?

"*Second:*   Is the defendant in such an action entitled to a jury trial on the question of the plaintiff's right to recover final judgment for damages?

" *Third:*   In such an action must there be two separate jury trials, one on the right to recover final judgment for damages and another subsequently on the question of the amount of damages?

" *Fourth:*   In such action does the statute require that the court, without a jury, determine the plaintiff's right to recover against the defendant and after the entry of final judgment for damages against the defendant, that the case shall be tried by a jury on the question solely of the amount of damages?

"*Fifth:*   Is the plaintiff entitled to have the whole case as to liability and the amount of damages determined in one trial?"

The above questions present only one fundamental question which is:   Whether, in an action of the case under the act, in which the defendant has pleaded the general issue, the parties are entitled to a trial by jury upon the question of the plaintiff's right to recover damages at all, prior to the jury trial for the assessment of damages.

The plaintiff contends that the question of liability is to be determined by the court without a jury and final judgment thereon rendered, before the question of damages is submitted to a jury for the reason that the procedure under the act, as he argues, is in the nature of an equity suit to enforce a lien.

Section 2 of the act provides that any person aggrieved or injured by the maintenance of the pond or dam "may commence an action of the case in the superior court for the

county in which such dam is, against the owner of the dam or any precedent owner thereof, and a copy of the writ shall be left by the officer serving the same in the office of the town clerk of the town in which such dam is; and the mill and mill-dam complained of, together with all their appurtenances and the land under and adjoining the same, shall thenceforth be pledged and liable for the damages which may be recovered in such action "; and by Section 3 it is provided that "Whenever any plaintiff in any such action shall recover final judgment for damages against the defendant, the question of the amount of such damages shall, unless otherwise agreed by the parties, be tried by jury on a day to be appointed by the superior court."

Provision is also made for the assessment by the jury of yearly and gross damages. The plaintiff within a certain time after the rendition of the verdict may elect between yearly and gross damages. Execution in the case runs against the real and personal estate of the defendant, and if the defendant was the owner of the mill at the date of the. writ also against the mill and mill-dam and the appurtenances thereof.

The remedy thus provided is an action at common law with the customary procedure by service of the writ upon the defendant, with pleadings, judgment and execution in accord- (2) ance with the common law rules. The fact that the plaintiff in certain cases, if he prevails, is given additional security in the form of a lien for the satisfaction of his damages in no wise alters the character of the proceedings which are legal and not equitable.

The plaintiff also claims that historically the suit has always followed more or less the form of an equity suit and in support of this contention our attention is called to the language of the early colonial statutes. (Pub. Laws, R. I. 1745, p. 180; Pub. Laws, 1822 to 1842, p. 1034; see also Pub. Laws, 1844, p. 205, Sec. 2; and Gen. Laws, 1896, Chap. 122, Sec. 3.) No precedents, however, are found to support this contention and the provisions of the acts referred

to do not support the claim of the plaintiff. On the contrary, the only reported case in this State bearing at all on the question in issue furnishes a precedent which is adverse to the claim of plaintiff. We refer to the case of *Barber* v. *James*, 18 R. I. 798, decided in 1895. An examination of the original records of this case (Number 1837 in Court of Common Pleas and Ex. 195 in the Appellate Division of the Supreme Court) discloses the following facts. This was an action of the case brought under the Public Statutes of Rhode Island, 1882, Chapter 104, "Of Water Mills." The writ was issued April 21, 1890. The case was first tried in the Court of Common Pleas at the May term 1891, in Washington County, and the question of liability was tried by a court sitting with a jury. The verdict of the jury was recorded as follows: "The jury finds that the defendants are guilty, and did flow the plaintiff's land, as he has in his declaration thereof complained against them, and is entitled to damages for such wrongful flowage." Upon appeal to the Supreme Court for Washington County, the matter was tried by said court *de novo* in 1892, before a jury, which returned the following verdict: "The jury find that the defendants do keep up and maintain the dam and flow back the water in and upon the land of the plaintiff and damage the same, as the plaintiff has in his declaration thereof complained against them, and the plaintiff is entitled to damages." Thereafter, the Supreme Court for Washington County issued a writ to the sheriffs of the several counties on June 19, 1893, requiring the return of eighteen jurors. The matter was then tried upon the question of damages by the special jury, thus called, and a verdict was rendered on July 7, 1893, in which the damages were assessed. The matter then went to the Appellate Division of the Supreme Court upon petition for a new trial, which petition was denied (see opinion in 18 R. I. 798).

At the time this case was decided, Section 3 of Chapter 104, provided that "whenever it shall be *adjudged by said court* that the plaintiff in any such action is *entitled* to dama-

ges the defendant shall have the right to appeal from such judgment . . . and in like manner the plaintiff may appeal whenever *said court shall adjudge* that he is not entitled to damages."

It is to be noted that although the language in the act above quoted is more favorable to the contention of plaintiff than the terms of the present act, the right of the parties to a trial by jury on the question of liability was not questioned by either party and it is fair to assume, in the absence of any evidence to the contrary, that the practice followed in this case was in accordance with the usual procedure in this class of cases. Certainly the court would not be justified in construing the statute in such manner as to deprive the parties of a right to trial by jury on the question of liability, which raises the question of property rights and is the very foundation of a plaintiff's claim, unless such intention is clearly expressed in the statute. We do not find any such intention in the law in question.

Our conclusion is that the act provides for two trials by jury, the first to determine the question of liability and the second to determine the amount of damages, with the right of course in each case for the parties by agreement to waive jury trial.

Our answer to the first question is "No;" to the second question, "Yes;" to the third question, "Yes;" to the fourth question, "No;" to the fifth question, "No."

It is ordered that the papers in the cause with the decision of this court certified thereon be sent back to said Superior Court for further proceedings.

*John J. Cosgrove, Ernest P. B. Atwood,* for plaintiff.

*Green, Hinckley & Allen, Chauncey E. Wheeler,* for defendant.